# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| **CARLOS PADILLA,** ) | |
| *Plaintiff,* ) | |
| *v.* ) | CIVIL ACTION No.:_____ |
| ) | |
| **REDMONT PROPERTIES, LLC,** ) | |
| **REDMONT PROPERTIES E.G.,** ) | |
| **LLC, REDMONT PROPERTIES** ) | |
| **OF HOMEWOOD, LLC, and** ) | |
| **FRED G. NUNNELLY III** ) | |
| *Defendants.* ) | |

# **COMPLAINT**

The Plaintiff, Carlos Padilla ("Plaintiff") on behalf of himself and all others similarly situated, brings this cause of action to recover damages for the willful conduct and continuous willful practice of not paying him, and others similarly situated, the full earned wages and overtime earned against Defendant Redmont Properties, LLC, Redmont Properties E.G., LLC, Redmont Properties of Homewood, LLC, and Defendant Fred G. Nunnelly III (jointly referred as "Defendants") pursuant to 29 U.S.C. §216(b) of the Fair Labor Standard Act ("FLSA").

Plaintiff hereby requests FLSA remedies for unpaid wages, lost wages, liquidated damages, front pay, attorney's fees, interest, and punitive damages, on behalf of himself and all others similarly situated.

## LEGAL CAUSES OF ACTION

1. If an employee has worked overtime without due pay, he is entitled to bring a private action under the FLSA of 1938, Pub. L. No. 75-718, 52 Stat. 1060 for damages, codified as 29 U.S.C. §216(b).

2. The Plaintiff for himself and others similarly situated, brings this cause of action against the Defendants jointly and severally, for the willful and/or wanton practice of not paying earned wages, and overtime earned but not paid, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§207 (a)(1), *et seq*.

3. The FLSA provides a federal cause of action for an employee claiming that his employer has failed to pay "one and one-half times the regular rate at which he is employed" for all hours beyond forty (40) worked in a workweek, 29 U.S.C. §§207(a)(2)(C), 216(b).

4. The Plaintiff was employed by the Defendants and hereby seeks compensation for his damages and for any liquidated damages allowed by law. In addition, Plaintiff seeks to produce a deterrent purpose under the FLSA, by disclosing patterns of non-compliance by employers, and deter such misconduct to other third parties who used to work for the Defendants during the last three years, and/or are presently working for the Defendants.

5. Plaintiff seeks to recover from Defendants the amount of their unpaid wages, unpaid overtime, compensatory, liquidated damages, prejudgment interest, and attorney's fees on behalf of himself and all others similarly situated working for any of the above-styled party Defendants pursuant to the FLSA, 29 U.S.C. Sections 207 (a)(1), *et seq*.

## JURISDICTION AND VENUE

**The original jurisdiction, and the supplemental jurisdiction of this Court comes under the following precepts:**

6. This Court has original jurisdiction as there is a Federal issue involving violations of the FLSA of 1938.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1391 (b)(c).

8. Venue is proper in this Court, the Northern District of Alabama, pursuant to 28 U.S.C. §1391(b) and (c), as the Defendants' main place of business is in Jefferson county at the time Plaintiff commenced this action. The acts and omissions in this cause took place in Jefferson County, Alabama.

9. This Court will have supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) for Alabama State law claims, if any, if such claims are "So related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

## BIOGRAPHICAL DATA

10. Plaintiff is an adult residing in Birmingham, Alabama. He has been hired and employed by the Defendants since 2001. Plaintiff has been working for the Defendants for over 15 years until the present date.

11. Defendants are employers engaged in commerce pursuant to the FLSA and 29 U.S.C. §203(s), and at all times material hereto, engaged in commerce within the meaning of the FLSA. Upon information and belief that Defendant Redmont Properties , LLC ; Defendant Redmont Properties E.G., LLC,

and Defendant Redmont Properties of Homewood, LLC are, each one of them, an Alabama domestic corporation, doing business under each one of the above styled names, and each one has its principal place of business in the same listed address, or 2829 Thornhill Road, Birmingham, AL 35213.

12. Upon information and belief, Defendant Fred G. Nunnelly III is the owner and manager of Defendant Redmont Properties of Homewood, LLC, and he resides in Birmingham, Alabama, having as his place of business and/or service of process as 2829 Thornhill Road, Birmingham, AL 35213.

13. Upon information and belief, each Defendant is an enterprise engaged in interstate commerce with an annual gross revenue of not less than $500,000, and their employees handle goods moved in interstate commerce.

14. At all times relevant to this action, Defendants were the "employers" of the Plaintiff, and others similarly situated, as defined by §203(d) of the FLSA.

15. At all times material to this action, the Plaintiff, and all others similarly situated, are and/or have been "employees" of the Defendants as defined by §203(e)(i) of the FLSA, and worked for the Defendants within the territory of the United States for more than three years preceding the filing of this law suit.

## STATEMENT OF FACTS

16. The Defendants are in the business of real property management in various locations of Jefferson county.

17. Defendants hired Plaintiff as a painter and he has done for Defendants the painting and restauration of the properties owned and/or managed by these Defendants. After a tenant left the premises, or his lease had expired, the Plaintiff

was directed and supervised by the Defendants to work to restore the vacant property for the next tenant to occupy it. Plaintiff also maintained occupied properties for the Defendants when requiring maintenance or repairs. Plaintiff worked as an employee for the Defendants every week of the year, and each week, for over 15 years, the number of hours far exceeded 40 hours. Plaintiff was never paid overtime, and never received any benefits from the Defendants.

18. The Plaintiff and other similarly situated employees regularly worked in excess of 40 hours per week.

19. The Plaintiff and other similarly situated employees did not receive wages at the rate of time and one-half the typical hourly rate for the hours worked in excess of 40 hours in a given work week.

20. The Plaintiff was not entitled to and did not earn tips. The Plaintiff was not an exempt employee. The Plaintiff was at all time- entitled to overtime.

21. Plaintiff is owed by Defendants compensation for his overtime hours and Defendant has willfully failed to compensate him.

22. Defendant were well aware that the Plaintiff and similarly situated employees routinely work in excess of 40 hours per week.

23. Defendants willfully and wantonly violated the FLSA by failing to compensate overtime hours in excess of 40 hours in a given work week at a rate of one and one-half times the regular hourly rate of pay.

24. As a result of Defendants' violations of the FLSA, the Plaintiff, and other similarly situated employees both past and present, have suffered damages by failing to receive compensation at least equal to the federally mandated minimum wage in accordance with §206 of the FLSA and have further suffered damages by

failing to receive compensation at the rate of time and one-half per hour for hours worked in excess of 40 hours per week in accordance with §207(a) of the FLSA.

25. The Plaintiff, and other similarly situated employees have been damaged as a result of Defendants' willful actions and have suffered loss of wages.

26. There are other similarly situated employees, both past and present, of these Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court supervised notice of the present lawsuit and the opportunity to join them as plaintiffs. Those similarly situated employees are known to the Defendants and are readily identifiable and easy to locate through Defendants' records.

## **CLAIM FOR OVERTIME WORKED BY PLAINTIFF**

27. In 2015 Plaintiff worked for Defendant from Monday to Saturday for a total of 66 hours per week. His straight time rate was set at $19 per hour.

28. In 2016 Plaintiff worked for the Defendants from Monday to Saturday, as follows:

      a.    January and February, 66 hours/week, at $19 per hour straight time.

      b.    March, 70 hours/week, at $19 per hour straight time;

      c.    April, 80 hours/week, at $19 per hour straight time;

      d.    May, 85 hours/week, at $19 per hour straight time;

      e.    June, 88 hours/week, at $19 per hour straight time;

      f.    July, 90 hours/week, at $19 per hour straight time;

      g.    August, 86 hours/week, at $19 per hour straight time;

      h.    September, 70 hours/week, at $19 per hour straight time;

      i.      October and November, 60 hours/week, at $19 per hour straight time;

      j.      December, 70 hours/week, at $19 per hour straight time.

29.    In 2017, Plaintiff worked for Defendant Monday to Saturday, as follows:

      a.      January, 70 hours/week, at $19 per hour straight time;

      b.      February, 75 hours/week, at $19 per hour straight time;

      c.      March, 75 hours/week, at $19 per hour straight time;

      d.      April, 80 hours/week, at $19 per hour straight time;

      e.      May, 80 hours/week, at $19 per hour straight time;

      f.      June, 80 hours/week, at $19 per hour straight time;

      g.      July, 87 hours/week, at $19 per hour straight time;

      h.      August, 86 hours/week, at $19 per hour straight time;

      i.      September and October, 65 hours/week, at $19 per hour straight time.

30.    The Plaintiff was not paid proper overtime wages for his work in excess of forty hours each work week.

31.    Defendants refused to pay Plaintiff and continue to refuse to pay him his correct wages and overtime accumulated.

32.    Furthermore, upon information and belief, Defendants have engaged in a pattern of similar conduct, luring other vulnerable minority individuals, and refusing to compensate them fully for work performed for these Defendants, Upon information and belief defendant employs a large number of laborers who are not aware of their legal labor rights and have worked for an excess of 40 hours per

week for many years. Upon information and belief these minority individuals have never received any benefits from Defendants although some others equally situated laborers may have received.

## LEGAL CAUSES OF ACTION

**COUNT  I          OVERTIME VIOLATIONS: FAIR LABOR STANDARDS ACT, 29 U.S.C §201 *et seq.***

33.     Plaintiff re-allege and incorporate by reference all preceding paragraphs.

34.     Upon information and belief, Defendants at all relevant times owned and operated an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), codified as, 29 U.S.C. §§201 *et seq.*

35.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of 29 U.S.C. §203.

36.     At all times relevant to this action, Plaintiff was employed by the Defendants within the meaning of 29 U.S.C. §203.

37.     Defendants willfully failed to pay Plaintiff and others similarly situated, overtime compensation for each hour they worked in excess of forty hours in a workweek in violation of the FLSA, 29 U.S.C. §207.

38.     Defendants' violations of the FLSA, as described herein, were willful and intentional.

39.     The Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid overtime wages, an additional amount of liquidated

damages, reasonable attorney's fees, and the costs of the action, pursuant to 29 U.S.C. §216(b), in an amount to be determined at the trial of this cause.

40. Defendants as employers, did the things hereinabove alleged intentionally, oppressively, and maliciously.

41. Plaintiff is therefore entitled to punitive or exemplary damages against the Defendants employers in an amount determined at the trial of this case.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, individually and on behalf of other similarly situated employees respectfully request that this Court grant the following relief:

A. That the Court issue proper process to compel Defendants to answer or otherwise plead to all the allegations contained in this Amended Complaint.

B. That, at the earliest possible time, the Plaintiff be allowed to give notice or that the Court issue such notice, to all similarly situated employees employed by Defendants during the three (3) years immediately preceding the filing of this suit, informing that this action has been filed, the nature of the action, and of their right to join this lawsuit pursuant to 29 U.S.C. §216(b).

C. That this Court awards the Plaintiff and other similarly situated employees and former employees of Defendants the amount of their unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b).

D. That Plaintiff be awarded reasonable attorney's fees, costs and other

expenses of this lawsuit pursuant to FLSA 29 U.S.C. §216(b). Lost wages and liquidated damages equal to the lost wages;

      a. Front pay;

      b. Attorney's fees;

      c. Pre-judgment interest; and,

      d. Punitive damages.

    E.    Other and further relief as this Court deems necessary and proper.

Respectfully submitted,

## JURY DEMAND

## PLAINTIFF DEMANDS A TRIAL BY A STRUCK JURY.

                            /s/ Vicenta_Bonet Smith  
                            VICENTA BONET-SMITH  
                            *Attorney for Plaintiff*

Of Counsel:  
**BONET & SMITH, PC**  
3499 Independence Drive  
Birmingham, AL 35209  
Telephone: (205) 870-2222  
Fax: (205) 870-3331  
E-mail: Vicenta@bonetsmith.com

# **SERVICE**

Please serve the Defendants as follows:

1. **REDMONT PROPERTIES, LLC**
   **2829 Thornhill Road**
   **Birmingham, AL 35213**

2. **REDMONT PROPERTIES E.G., LLC**
   **2829 Thornhill Road**
   **Birmingham, AL 35213**

3. **REDMONT PROPERTIES HOMEWOOD, LLC**
   **2829 Thornhill Road**
   **Birmingham, AL 35213**

4. **FRED G. NUNNELLY III**
   **2829 Thornhill Road**
   **Birmingham, AL 35213**