# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLOS PADILLA, JORGE ORTIZ, and DEMETRIO PADILLA, | } } } } | |
| Plaintiffs, | } } | Case No.: 2:17-cv-01826-MHH |
| v. | } } | |
| REDMONT PROPERTIES, LLC, REDMONT PROPERTIES E.G., LLC, REDMONT PROPERTIES OF HOMEWOOD, LLC, FRED G. NUNNELLEY, III, and RM MANAGEMENT, LLC, | } } } } } } } | |
| Defendants. | } | |

## MEMORANDUM OPINION

This opinion concerns a proposed FLSA settlement. Plaintiff Carlos Padilla brought this lawsuit against defendants Redmont Properties, LLC; Redmont Properties E.G., LLC; Redmont Properties of Homewood, LLC; RM Management, LLC; and Fred G. Nunnelly, III on behalf of himself and other similarly situated individuals. (Doc. 1). Mr. Padilla originally asserted a claim for violation of the Fair Labor Standards Act's overtime provision, 29 U.S.C. § 207(a)(1), against the defendants. (Doc. 1, p. 8). Mr. Padilla later amended his complaint to add claims for race discrimination under Title VII and 42 U.S.C. § 1981 and to add two

1

similarly situated individuals, Jorge Ortiz and Demetrio Padilla, as plaintiffs. (Doc. 28-3).

The parties have agreed to settle the plaintiffs' FLSA claims for unpaid overtime wages, and they have asked the Court to review the terms of the proposed settlement. (Doc. 32). The three settlement agreements are identical in their terms, except for the specific sums the defendants will pay to each plaintiff. For the reasons stated below, the Court approves the parties' proposed FLSA settlements because they are fair and reasonable compromises of a bona fide dispute.

## I. BACKGROUND

The plaintiffs are residents of Birmingham who performed maintenance and repair work on residential properties owned and managed by the defendants in Jefferson County, Alabama. (Doc. 28-3, ¶¶ 12, 18–19; Doc. 11, ¶ 16). Carlos Padilla has worked on the defendants' properties since 2001. (Doc. 32-1, p. 8, ¶ 2). Jorge Ortiz and Demetrio Padilla have worked on the defendants' properties since 2002. (Doc. 32-2, p. 8, ¶ 2; Doc. 32-3, p. 8, ¶ 2). The plaintiffs allege that they regularly spent more than 40 hours each week painting and performing maintenance for the defendants. (Doc. 28-3, ¶¶ 12, 20). Carlos Padilla contends that, during the years 2016 and 2017, he often worked more than double the standard forty-hour workweek maintaining the defendants' properties. (Doc. 28-3, ¶¶ 28–29). Although the defendants were aware that the plaintiffs routinely

worked more than 40 hours per week, the defendants did not compensate the plaintiffs at the required time-and-a-half rate for overtime hours. (Doc. 28-3, ¶¶ 22–25).

The defendants argue that they have no obligation to the plaintiffs under the FLSA because the plaintiffs are independent contractors who are exempt from the FLSA's wage requirements. (Doc. 11, ¶¶ 17, 19; Doc. 32, ¶ 4). The defendants also contest the numbers of hours that the plaintiffs contend they worked during 2016 and 2017. (Doc. 32, ¶ 4).

With the assistance of a mediator, the parties negotiated a settlement of the plaintiffs' FLSA claims. (Doc. 32, ¶ 2). In exchange for dismissal of the FSLA claims with prejudice, the defendants have agreed to settle each FLSA claim as follows: Carlos Padilla will receive $65,660.78 (Doc. 32-1, p. 1); Jorge Ortiz will receive $60,911.85 (Doc. 32-2, p. 1); and Demetrio Padilla will receive $9,956.59 (Doc. 32-3, p. 1). Additionally, defendants will pay a total attorney's fee of $8,000.00. (Doc. 32-1, p. 2; Doc. 32-2, p. 2; Doc. 32-3, p. 2).

On this record, the Court considers the parties' motion to approve the proposed settlement of the plaintiffs' FLSA claims.

## II. DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.' Among

other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a). Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.''" *Barrentine*, 450 U.S. at 739 (emphasis in original) (quoting *Overnight Motor Trans. Co. v. Missel*, 316 U.S. 572, 578 (1942)). In doing so, Congress sought to protect, "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

If an employee proves that her employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also*

*Brooklyn*, 324 U.S. at 707. "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1352; *see also Hogan*, 821 F. Supp. 2d at 1281-82. "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve the settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*,

307 Fed. Appx. at 351 (emphasizing that a proposed settlement must be fair and reasonable).

The Court finds that there is a bona fide dispute in this matter that supports the parties' proposed FLSA settlement. The plaintiffs maintain that the defendants failed to compensate them as required by the FLSA. (Doc. 28-3, p. 4). The defendants contend that they had no obligation to the plaintiffs under the FLSA because the plaintiffs were independent contractors, not employees. (Doc. 24, ¶ 19). This bona fide dispute supports the parties' proposed settlement.

The Court finds that the method used to calculate the plaintiffs' disputed wages is fair and reasonable. The settlement proceeds of $65,660.78 for Carlos Padilla, $60,911.85 for Jorge Ortiz, and $9,956.69 for Demetrio Padilla represent a fair and reasonable compromise based on the existing evidence regarding unpaid wages. (Doc. 32-1, p. 1; Doc. 32-2, p. 1; Doc. 32-3, p. 1). The plaintiffs, in signed declarations, state that they reviewed their existing time records with the assistance of plaintiff's counsel before agreeing to these settlements. (Doc. 32-1, p. 8, ¶ 5; Doc. 32-2, p. 8, ¶ 6; Doc. 32-3, p. 8, ¶ 6). Based on a review of their time records, the plaintiffs stipulate that the sums to be paid under the settlement agreements represent "100% of their claimed and disputed unpaid wages, overtime wages, and

liquidated damages over a two year time frame."[1]  (Doc. 32, ¶ 3; Doc. 32-1, p. 8 ¶¶ 5, 7; Doc. 32-2, p. 8, ¶¶ 6, 8; Doc. 32-3, p. 8, ¶¶ 6, 8).

In addition to the sums recovered by the plaintiffs, the defendants have agreed to pay plaintiffs' attorney's fees and costs.  (Doc. 32-1, p. 1; Doc. 32-2, p. 1; Doc. 32-3, p. 1).  In total, the defendants have agreed to pay $8,000 in fees and costs to Bonet & Smith, P.C.  (Doc. 32-1, ¶ 2; Doc. 32-2, ¶ 2; Doc. 32-3, ¶ 2).  The Court reviews the attorney's fees awarded under the agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352).  The plaintiffs stipulate that the total amount to be paid by the defendants represents the costs and fees that they incurred to bring this action.  (Doc. 32-1, p. 8 ¶ 6; Doc. 32-2, p. 8, ¶ 7; Doc. 32-3, p. 8, ¶ 7).  All parties stipulate that the defendants' agreement to pay these fees did not adversely affect the plaintiffs' recovery.  (Doc. 32, ¶ 3).  The total fees and costs appear modest in relation to the plaintiffs' total recovery and to the amount that each plaintiff will receive.  Thus, the fees and costs that the defendants will pay do not suggest that plaintiffs' counsel was pursuing her own interests at the expense of her clients during the settlement negotiations.  And, based on the

---

[1] The statute of limitations on claims for non-willful violations of the FLSA is two years. 29 U.S.C. § 255(a).  The plaintiffs have agreed that the two-year limit, rather than the three-year limit for willful violations, applies to their claims.  (Doc. 32, ¶ 3).

plaintiffs' declarations, the Court concludes that plaintiffs' counsel has been adequately compensated for her efforts.

The parties have included a release provision in their agreement. (Doc. 32-1, ¶ 3; Doc. 32-2, ¶ 3; Doc. 32-3, ¶ 3). The Court must review this provision to ensure that the defendants are not using an FLSA claim "to leverage a release from liability unconnected to the FLSA." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010); *see also Hogan*, 821 F. Supp. 2d at 1282 (stating that an employer may not require valuable concessions for wages due under the FLSA). The provision in the parties' proposed settlement is entitled "FLSA Release," and it requires the plaintiffs to forfeit "any claim arising under the FLSA," that accrued prior to the date of the agreement. (Doc. 32-1, ¶ 3). The provision covers only extant FLSA claims and expressly provides that the plaintiffs retain the right to bring claims for future FLSA violations. (Doc. 32-1, ¶ 3). The provision is not susceptible of a reading that broadens the scope of the plaintiffs' release to cover matters unconnected with the FLSA. Therefore, the release provision is not an obstacle to the Court's approval of the parties' agreement.

Finally, the parties have included a section entitled "Covenant Not to Sue" in their agreement. (Doc. 32-1, ¶ 5; Doc. 32-2, ¶ 5; Doc. 32-3, ¶ 5). The language in this provision is broad: "This Agreement may be introduced as evidence at any legal proceedings as a complete defense to any claims existing as of the date of this

8

Agreement or that could have been asserted by Plaintiff against Defendants." (Doc. 32-1, ¶ 5; Doc. 32-2, ¶ 5; Doc. 32-3, ¶ 5). The Court limits the enforceability of this provision to FLSA claims existing as of the date of the FLSA settlement agreement. The Court gave the parties an opportunity to object to the limitation, and the parties raised no objection. (Doc. 34). Thus, the covenant language in the parties' settlement agreements is unenforceable to the extent that it pertains to any claim other than the plaintiffs' curremt FLSA claims.

## III. CONCLUSION

For the reasons stated above, the Court approves the parties' proposed FLSA settlements. The parties separately have agreed to dismiss the plaintiffs' remaining claims under Title VII and section 1981 with prejudice. (Doc. 33). Therefore, the Court will enter a separate order dismissing the case.

**DONE** and **ORDERED** this November 30, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE